**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 13-CR-10342-DPW |
| | ) | |
| JAMES EDWARDS | ) | |

**MOTION TO VACATE PURSUANT TO 28 U.S.C. § 2255 AND**
***Rehaif v. United States*, 139 S. Ct. 2191 (2019)**

Pursuant to 28 U.S.C. § 2255, defendant James Edwards moves to vacate his convictions and sentence for being a felon in possession of firearms and ammunition in violation of 18 U.S.C. § 922(g)(1). In *Rehaif v. United States*, 139 S. Ct. 2191 (2019), the Supreme Court held that the government must prove the defendant knew, at the time of the alleged possession, that he belonged to the relevant category of persons barred from possessing firearms and ammunition. *Rehaif*, 139 S. Ct. at 2200. Pursuant to *Rehaif*, Mr. Edwards' convictions and sentence for being a felon in possession of firearms and ammunition must be vacated.

In support of this motion, Mr. Edwards states the following:

1. On April 3, 2015, Mr. Edwards pled guilty to an indictment charging him with three counts of being a felon in possession of a firearm and ammunition (Counts One, Four, and Five), and one count of being a felon in possession of ammunition (Count Two), in violation of 18 U.S.C. § 922(g)(1). D.E. 6; 105. On July 27, 2015, this Court imposed a sentence of fifteen years. D.E. 142. Mr. Edwards is serving that sentence in the custody of the Bureau of Prisons.

2. This is Mr. Edwards' first 28 U.S.C. § 2255 motion

3. In *Rehaif*, the Supreme Court held: "To convict a defendant [under 18 U.S.C. § 922(g)], the Government [] must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." 139 S. Ct. at 2194. The Court's holding reversed every circuit court that had decided the issue. The rule announced in *Rehaif* narrows the scope of the offense and is a new substantive rule retroactively applicable to cases on collateral review. *See Schriro v. Summerlin*, 542 U.S. 348, 351-52 (2004).

4. The indictment in this case failed to allege knowledge of status as an essential element of the offense, thereby failing to allege an offense. Because of the defective indictment, this Court did not have jurisdiction to enter a judgment.

5. The indictment violated Mr. Edwards' Fifth Amendment right to be charged by a grand jury.

6. The indictment violated Mr. Edwards' Sixth Amendment right to notice.

7. Mr. Edwards was not informed that knowledge of status was an essential element of the § 922(g) offense. Accordingly, his plea was not made knowingly and voluntarily, in violation of his Fifth Amendment right to due process.

8. The *Rehaif* errors were prejudicial.

9. Mr. Edward's motion challenging his § 922(g)(1) convictions is timely under 28 U.S.C. § 2255(f)(3). It is filed within one year of the date on which the right asserted was initially recognized by the Supreme Court. That right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

## Conclusion

For the foregoing reasons, Mr. Edwards' convictions and sentence must be vacated.

> Respectfully Submitted,
> JAMES EDWARDS
> By his attorney,
>
> */s/ J. Martin Richey*
> J. Martin Richey, B.B.O. #559902
> Federal Public Defender Office
> 51 Sleeper Street, 5th Floor
> Boston, MA 02210
> Tel: 617-223-8061

## CERTIFICATE OF SERVICE

I, J. Martin Richey, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on June 18, 2020.

> */s/ J. Martin Richey*
> J. Martin Richey